**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MARECO CARAWAY,<br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. 2:07-cv-02466-SHM-tmp<br>Cr. No. 2:03-cr-20118-SHM-1 |

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 48)**

On July 12, 2007, Movant Mareco Caraway filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1 (the "§ 2255 Motion").) After the § 2255 Motion was fully briefed, the Court concluded that an evidentiary hearing was necessary for Caraway's first ground for relief, asserting that trial counsel was ineffective by failing to present the tape of a 911 dispatch call to impeach the testimony of officers who testified at trial. (ECF No. 24 at PageID 103.) The Court referred the matter to Magistrate Judge Pham to appoint counsel to represent Caraway and to conduct the evidentiary hearing. (*Id.* at PageID 104.)

Magistrate Judge Pham conducted the evidentiary hearing on July 30, 2010. On August 18, 2010, Magistrate Judge Pham entered a Report and Recommendation ("R&R") that Caraway's ineffective assistance claim be denied. (ECF No. 39.) On September 7, 2010, the Court adopted the R&R, denied relief on Caraway's remaining three grounds for relief, and denied a certificate of appealability ("COA"). (ECF No. 42.) The Court entered judgment on September 10, 2010. (ECF No. 43.)

Caraway, through counsel, appealed. (ECF No. 45.) Counsel requested a COA regarding the first ground for relief only. (ECF No. 46 at PageID 194.) On July 27, 2011, the United States Court of Appeals for the Sixth Circuit denied the application for a COA. (*Id.* at PageID 195.)

On November 30, 2012, Caraway filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 48 (the "Rule 60(b) Motion").) Caraway seeks relief based on counsel's failure to "seek a [COA] on three of the four issues" in his § 2255 Motion. (*Id.* at PageID 198.) Caraway alleges that counsel also failed to file objections to the R&R regarding those three issues. (*Id.* at PageID 201.) Caraway alleges that counsel's failure "deprived [him] of the opportunity to appeal the denial of three of his claims." (*Id.*) Caraway requests that the Court vacate its September 7, 2010, order and allow him "sufficient time to file [objections] and/or a COA in relationship to three claims raised in his § 2255." (*Id.* at PageID 204.)

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Fed. R. Civ. P] 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Caraway brings his motion pursuant to Rule 60(b)(6)—the catchall provision. This provision applies only in "exceptional and extraordinary circumstances where principles of equity mandate relief." *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018) (citations and internal quotation marks omitted). "Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see also Tanner v. Yukins*, 776 F.3d 434, 446 (6th Cir. 2015). "In addition to exceptional circumstances, 'principles of equity [must] *mandate* relief' for subsection (b)(6) to apply. Accordingly, the movant must show: (1) lack of prejudice to the non-moving party; (2) a meritorious defense; and (3) lack of culpability for the adverse judgment." *Travelers Cas. and Sur. of Am. v. J.O.A. Constr. Co., Inc.*, 479 F. App'x 684, 690 (6th Cir. 2012) (citation omitted). Because public policy favors the finality of judgments, relief under Rule 60(b)(3) or Rule 60(b)(6) requires clear and convincing evidence. *See id.*

"When faced with a Rule 60(b) motion filed in response to the denial of an application for habeas relief, the district court must first determine whether the petitioner is only seeking Rule 60(b) relief or is attempting to file a second or successive habeas application." *Webb v. Davis*, 940 F.3d 892, 897 (5th Cir. 2019) (citing *Gonzalez*, 545 U.S. at 531–32). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241 *et seq.*, limits the circumstances under which a state prisoner may file a second or successive application for habeas relief, and requires that the prisoner first "move in the appropriate court of appeals for an order authorizing the district court to consider" a second or successive habeas application. 28 U.S.C. § 2244(b)(3)(A). Under the AEDPA, a district court does not have jurisdiction to consider a petitioner's "second or successive" habeas petition unless the petitioner first obtains authorization from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007). "A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to

enforce the requirements of the AEDPA." *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2014). That necessity arises when the motion "asserts a 'federal basis for relief from the state court's judgment of conviction,' by 'seek[ing] to add a new ground for relief' or 'attack[ing] the federal court's previous resolution of a claim on the merits.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 530, 532).

Caraway's Rule 60(b) Motion does not seek to add a new ground for relief or attack the resolution of his claims on the merits. Caraway's Rule 60(b) Motion, therefore, is not an attempt to file a second or successive § 2255 motion. Caraway does not demonstrate "exceptional and extraordinary circumstances" warranting relief under Rule 60(b)(6). Counsel had no basis to file objections to the R&R regarding the three grounds for relief at issue because Magistrate Judge Pham did not address those grounds in the R&R. To the extent that Caraway faults counsel for not seeking a COA for three grounds for relief, Caraway should have sought relief in the Sixth Circuit. Because Caraway fails to demonstrate that he is entitled to relief under Rule 60(b)(6), Caraway's Rule 60(b) Motion (ECF No. 48) is **DENIED**.

**IT IS SO ORDERED** this 16th day of October, 2026.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE